LENNON, MURPHY & PHILLIPS LLC
Attorneys for Plaintiff
KONDOT S.A.
Patrick F. Lennon (PL 2162)
Kevin J. Lennon (KL 5072)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
Tel.   (212) 490-6050
Fax:   (212) 490-6070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
KONDOT S.A.,                                                    Case No.

        Plaintiff,                                                ECF CASE

   and

DURON LLC,

        Defendant.
-------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, Kondot S.A. ("Kondot"), by its attorneys Lennon, Murphy & Phillips, LLC, as and for its Verified Complaint against the Defendant, Duron LLC ("Duron"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court's jurisdiction over this matter is based upon the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1333 (admiralty), and the Court's pendent, supplementary, and ancillary jurisdiction.

3. The District Court for the Southern District of New York is the proper venue for this matter pursuant to the FAA, based on the contract between Plaintiff and Defendant, which

provides for arbitration of any dispute in New York and the non-party garnishee is located in this District.

4. Plaintiff, Kondot, is a foreign corporation with a principal place of business located in Nevis.

5. Upon information and belief, Defendant, Duron, is a Florida limited liability company with a place of business located at 3771 SW 17th Lane, Miami, FL 33134.

6. On or about April 17, 2020, Plaintiff and Defendant entered into and were parties to a maritime charter party contract ("Charter Party") for the M/V Hanze Gendt. A true and correct copy of the Charter Party is attached hereto as Exhibit 1.

7. Pursuant to the charter party, on or about May 15, 2020 at Houston, Texas Defendant loaded a cargo of 29,997 metric tons of wheat.

8. Defendant nominated Matarani, Peru, as the discharge port.

9. The Vessel sailed to Matarani, Peru, but the Defendant failed and refused to give the Vessel instructions to discharge the cargo.

10. Instead, Defendant requested Plaintiff agree to a change in the Vessel's itinerary, discharge port and for bills lading to be switched.

11. On May 29, 2020, Defendant requested and Plaintiff agreed that the Vessel would sail to Puerto Cabello, Venezuela to discharge the cargo, in consideration for which Defendant agreed to pay Plaintiff a lump sum additional freight of $365,000 as well as additional detention at the rate of $11,600 per day for each day the Vessel waited for instructions at Matarani. It was also agreed that if the aforementioned $365,000 was not in Plaintiff's account by the time the vessel arrived in Balboa, Panama, then the vessel would wait at Balboa until funds were received

and additional detention at the rate of $11,600 would accrue for each day in excess of two days that the Vessel waited for instructions at Balboa.

12. The Vessel was idle and waiting for instructions at Balboa since June 5, 2020.

13. Plaintiff repeatedly demanded that Defendant pay the agreed amounts of detention and freight and to provide the Vessel with instructions for completion of the voyage and discharge of the wheat cargo.

14. Defendant failed and refused to pay the agreed amounts of detention and freight.

15. Defendant also failed and refused to provide the Vessel with instructions for completion of the voyage and discharge of the wheat cargo.

16. Plaintiff had duly performed all duties and obligations required to be performed by it under the Charter Party pursuant to the lawful instructions provided by Defendant.

17. Defendant breached its obligations under the Charter Party by failing to pay the agreed detention and freight due and owing to the Plaintiff.

18. Defendant further breached its obligations under the Charter Party by failing to provide the Vessel with instructions for completion of the voyage and discharge of the wheat cargo.

19. Plaintiff terminated the Charter Party based on the Defendant's breaches and obtained a Partial Final Award dated August 17, 2020 from an arbitration tribunal of the Society of Maritime Arbitrators that concluded that "[t]he breaches by Duron were fundamental and material, going to the very root of and constituting a repudiation of the Charter. Kondot was entitled to accept those breaches as bringing the Charter to an end." *See Partial Final Award attached hereto as Exhibit 2*.

20. The aforesaid arbitration tribunal remains constituted to hear and determine the remaining claims and counterclaims arising under the Charter Party.

21. On October 29, 2020 the Plaintiff submitted its Witness Statement and Damages Submission to the arbitration panel seeking against Defendant in the sum of $1,897,588.15.

22. In the arbitration proceeding Plaintiff seeks recovery of both pre-termination and post-termination damages. The pre-termination damages, for costs and damages incurred while rendering service to the Defendant under the Charter Party prior to termination, amounts to $850,512.05. The post-termination damages, for costs and damages incurred while continuing to care for, transport, and arranged discharge of the cargo which Defendant had caused to be loaded upon the Vessel, amounts to $1,047,076.10.

23. By reason of the foregoing, Plaintiff has sustained damages in the current amount of approximately $1,897,588.15, and continues to sustain damages due to Defendant's breaches, exclusive of interest, costs, fees, including reasonable attorneys' fees, and expenses for which Defendant is liable under the terms of the Charter Party, and at law.

24. Pursuant to prior actions seeking security in the Eastern District of New York and the Southern District of Texas pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions the Plaintiff has already obtained $202,707.20 in security for its claims. Such sum is composed of $102,707.20 held by garnishee Mid-Ship Group LLC in the Eastern District of New York action and $100,000 deposited with the Court's registry in the Southern District of Texas action.

25. Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules attaching, inter alia, any property of the Defendant held by non-party garnishee, Bank of America, and any other non-party garnishee(s) that may be identified, within the District for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff Kondot respectfully prays for an Order:

A. Awarding Plaintiff judgment against Defendant in the principal sum of $1,897,588.15;

B. That process in due form of law issue against Duron citing it to appear and answer under oath all and singular the matters alleged in this Verified Petition, failing which default judgment be entered against it in the sum of $1,897,588.15;

C. An Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,694,880.95**[1] (comprised of principal, interest and reasonable attorneys' fees) belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of non-party garnishee, Bank of America, and any other non-party garnishee(s) that may be identified, including banking/financial institutions and/or other institutions, or such other garnishees which may be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules to answer the matters alleged in the Verified Complaint;

D. That this Court retain jurisdiction over this matter through the entry of an arbitration award, and/or to enter judgment based on such arbitration award, associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

---

[1] This sum takes into account and gives credit for the security Plaintiff has obtained in the Eastern District of New York and Southern District of Texas actions.

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Westport
County of Fairfield   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Phillips, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Petitioner is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     November 24, 2020

_Kevin J. Lennon_
Kevin J. Lennon

E.That this Court award Plaintiff its reasonable attorneys' fees and costs incurred in this action; and

F.That Plaintiff be granted such other, further and different relief as the Court may deem just and proper under the circumstances.

Dated: November 24, 2020

The Plaintiff,
KONDOT S.A.

By: /s/ Kevin J. Lennon
Patrick F. Lennon (PL 2162)
Kevin J. Lennon (KL 5072)
LENNON, MURPHY & PHILLIPS, LLC
The Gray Bar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
Tel:(212) 490-6050
Fax:(212) 490-6070
Email: plennon@lmplaw.net
klennon@lmplaw.net