LENNON, MURPHY & PHILLIPS LLC
Attorneys for Plaintiff
KONDOT S.A.
Patrick F. Lennon (PL 2162)
Kevin J. Lennon (KL 5072)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY  10170
Tel.     (212) 490-6050
Fax:    (212) 490-6070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
KONDOT S.A.,                                                      Case No.       20-cv-9881 (AJN)

       Plaintiff,                                                  ECF CASE

   and

DURON LLC,

       Defendant.
-----------------------------------------------X

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff, KONDOT S.A. ("Plaintiff" or "Kondot") respectfully submits the within as its Supplemental Memorandum of Law In Support of Motion for an Ex Parte Order Directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment addressing the Court's Order dated November 24, 2020.

The Court's aforesaid Order directs as follows: "By no later than November 30, 2020, Plaintiff shall file a supplemental memorandum addressing why it is entitled to proceed *ex parte*. In its supplemental memorandum, Plaintiff shall also provide further support regarding its requests that (1) it be permitted to serve later identified garnishees without first seeking leave of the Court and that (2) any process served on the garnishee(s) be deemed effective and continuous, *see* Dkt. No. 4 ¶¶ 10–11)." Plaintiff's responses are set forth herein.

1. **Supplemental Rule B Permits Ex Parte Attachments**

Ex parte maritime attachments play a vital role in resolution of maritime claims in the United States and abroad. Maritime attachment is one of several ancient remedies recognized by admiralty courts since the earliest rulings of the United States judiciary. *See Atkins v. Fibre Disintegrating Co.*, 85 U.S. (18 Wall.) 272, 303 (1873) ("[t]he use of the process of attachment in civil causes of maritime jurisdiction by courts of admiralty…has prevailed during a period extending as far back as the authentic history of those tribunals can be traced"), *citing* the *Temporary Process Act of September 29, 1789* and the *Process Act of 1792*. In point of fact, maritime attachment existed prior to both congressional grant of admiralty jurisdiction to U.S. federal district courts and also the promulgation of the first Supreme Court Admiralty Rules in 1844.

Courts sitting in this District routinely grant ex parte maritime attachment orders so long as the prerequisites of Supplemental Rule B have been met. *See Naftaservice Trading v. Alaric Co.*, 2008 U.S. Dist. LEXIS 3229, *1 (S.D.N.Y. Jan. 15, 2008)("[i]n this admiralty action, counsel for the plaintiff appeared ex parte to apply for an order for issuance of process of maritime attachment and garnishment, pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure."); *Navision Shipping A/S v. Yong He Shipping (HK) Ltd.*, 570 F. Supp. 2d 527, 529-30 (S.D.N.Y. 2008) ("On October 25, 2007, Navision filed this suit against Yong He for failure to pay hire due under the Charter Party, and requested an *ex parte* Order of Attachment against Yong He in the amount of $ 2,254,227.20, pursuant to Supplemental Rule B for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). On October 26, 2007, this Court entered the *ex parte* Order of Attachment against Yong He."); and *Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp. 2d 519, 527 (S.D.N.Y. 2006)("A plaintiff who seeks an ex parte order of attachment

pursuant to Supplemental Rule B must make a prima facie showing that a maritime claim appears to exist against the defendant and that the defendant is not present in the district. Supp. R. Fed. Civ. P. B. *Seaplus Line Co. v. Bullkhandling Handymax*, 409 F. Supp. 2d 316, 319-20 (S.D.N.Y. 2005))."

The due process concerns regarding ex parte maritime attachment are satisfied by the Supplemental Rules' provision entitling a party which has had its property attached or arrested to a prompt hearing. Supplemental Rule E(4)(f) provides as follows:

> E(4)(f) *Procedure for Release From Arrest or Attachment*. Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. This subdivision shall have no application to suits for seamen's wages when process is issued upon a certification of sufficient cause filed pursuant to Title 46, U.S.C. §§ 603 and 604 or to actions by the United States for forfeitures for violation of any statute of the United States.

Supp. R. Fed. Civ. P. E(f)(4). The Local Admiralty Rules similarly provide as follows:

> Local Admiralty Rule E.1. Adversary Hearing Following Arrest, Attachment or Garnishment The adversary hearing following arrest or attachment or garnishment that is called for in Supplemental Rule E(4)(f) shall be conducted by a judicial officer within seven (7) days, unless otherwise ordered.

Local Admiralty Rule E.1 for the United States District Courts for the Southern and Eastern Districts of New York.

These concerns were discussed in *Maersk, Inc.*, *supra*, in which the court opined as follows:

> '[T]he ease with which a prima facie case for attachment can be made,' however, 'creates a real risk of abusive use of the maritime remedy.' *Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd.*, 384 F. Supp. 2d 726, 729 (S.D.N.Y. 2005) (citation and internal quotations omitted). Supplemental Rule E(4)(f) addresses that risk, providing any person claiming an interest in the attached property with 'a prompt hearing at which the plaintiff shall be required to show why the . . . attachment should not be vacated or other relief granted consistent with these rules.' Supp. R. Fed. R. Civ. P. E(4)(f).

> At a Rule E(4)(f) hearing, a defendant may attack ''the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.' *Aqua Stoli*, 384 F. Supp. 2d at 728 (quoting Supp. R. Fed. Civ. P. E. advisory committee's notes). And as the text of the Rule makes clear, it is the plaintiff's burden to show that the attachment should not be vacated. The plaintiff must demonstrate that 'reasonable grounds' exist for the attachment, and that all technical requirements for effective attachment have been met. *Ulisses Shipping Corp. v. Fal Shipping Co. Ltd.*, 415 F. Supp. 2d 318, 322-23 (S.D.N.Y. 2006) When determining whether such reasonable grounds exist, 'Supplemental Rule E does not restrict review to the adequacy of the allegations in the complaint.' *Linea Naviera De Cabotaje, C.A. v. Mar Caribe De Navegacion*, 169 F. Supp. 2d 1341, 1358 (M.D. Fla. 2001). A court also may consider any allegations or evidence offered in the parties' papers or at the post-attachment hearing. *See id.* at 1357-58.

*Maersk, Inc. v. Neewra, Inc.*, 443 F. Supp. 2d at 527. Rule E(4)(f) squarely places the burden on the plaintiff to establish why the attachment should be maintained. In the post-attachment hearing, the Plaintiff must make a probable cause showing that the attachment serves at least one of its two recognized purposes: "(1) to compel the defendant's appearance and/or (2) to provide security in the event plaintiff is successful." *See Manro v. Almeida,* 23 U.S. (10 Wheat.) 473, 489 (1825); *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 693 (1950); *Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002).

It is also useful to consider the *Notes of Advisory Committee on Rules* regarding Supplemental Rule B. Set out below are the Notes on the 1985 Amendment:

> Rule B(1) has been amended to provide for judicial scrutiny before the issuance of any attachment or garnishment process. Its purpose is to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court in *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969); and later developed in *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600 (1974); and *North Georgia Finishing, Inc. v. Di-Chem, Inc*., 419 U.S. 601 (1975). Such doubts were raised in *Grand Bahama Petroleum Co. v. Canadian Transportation Agencies, Ltd*., 450 F. Supp. 447 (W.D. Wash. 1978); and *Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion*, 552 F. Supp. 771 (S.D. Ga. 1982), which was reversed, 732 F.2d 1543 (11th Cir. 1984). But compare *Polar Shipping Ltd. v. Oriental Shipping Corp*., 680 F.2d 627 (9th Cir. 1982), in which a majority of the panel upheld the constitutionality of Rule B because of the unique commercial context in which it is

> invoked. The practice described in Rule B(1) has been adopted in some districts by local rule. E.g., N.D. Calif. Local Rule 603.3; W.D. Wash. Local Admiralty Rule 15(d).
>
> **The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district.** A simple order with conclusory findings is contemplated. The reference to review by the 'court' is broad enough to embrace review by a magistrate as well as by a district judge.

Supp. R. Fed. Civ. P. B. NOTES OF ADVISORY COMMITTEE ON RULES—1985 AMENDMENT (emphasis added).

As the foregoing authorities illustrate, it is well established that Rule B attachment orders are routinely granted on an ex parte basis. While the plain language of Rule B may be seen as affording the reviewing court scant discretion when assessing a request for issuance of an ex parte order of attachment when the requesting party has satisfied the Rule B prerequisites, this is balanced by the protections under Supplemental Rule E(4)(f). This rule is designed to satisfy constitutional requirements of due process so that the defendant is given a fair opportunity to contest the attachment, the amount of the security demanded, or any other alleged deficiency in the proceedings. The post-attachment hearing "is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing [the attachment]." *See Salazar v. The Atlantic Sun*, 881 F.2d 73, 79-80 (3d Cir. 1989).

### 2. Service of later identified garnishees without first seeking leave of the Court

Supplemental Rule B(1)(b) provides, in relevant part, as follows: "The clerk may issue supplemental process enforcing the court's order upon application without further court order." Supp. R. Fed. Civ. P. B(1)(b). Plaintiff seeks to promptly serve any other garnishee which may be identified as having possession of Defendant's funds without first obtaining Court approval which

may delay timely service in an effort to secure the Plaintiff's claims. Such relief has been authorized by other courts. *See Wind Shipping Co. S.A. v. Novel Commodities S.A.*, 2013 U.S. Dist. LEXIUS 100392, *6-7 (M.D. Pa. July 18, 2013)("3. The process of attachment and garnishment will be equally applicable to any **other garnishees** upon whom a copy of it may be served, to attach tangible or intangible property of Defendant in an amount up to and including $418,532.56 pursuant to Supplemental Rule B" and "7. Supplemental process enforcing this order may be issued by the Clerk of Court upon application by Plaintiff without further order of the Court."); *see also Cargo-Levant Schiffahrtsgesellschaft MBH v. PSL Ltd.*, 2013 U.S. Dist. LEXIS 192149. *2-3 (N.D. Ga. Dec. 9, 2013)(same effect).

Plaintiff therefore requests that the Court grant the requested ex parte order allowing service of any later identified garnishees without requiring leave of Court.

### 3. Process served on the garnishee(s) be deemed effective and continuous

It is within the discretion of the reviewing court whether to issue an ex parte Order of maritime attachment that contains wording that treats the service of the writ of maritime attachment as continuous. In *VOF BouwCombinatie Egmond v. Oceanteam Power & Umbilical*, 644 F. Supp. 2d 411 (S.D.N.Y. 2009) Judge Scheindlin opined on the issue as follows:

> In recent years, many district courts have begun to issue attachment orders that direct the garnishee to treat the order as continuously served for a day. Given the *Reibor* prohibition on attachment of after-acquired property and given that '[a]n EFT may be in the possession of a financial institution for only a very short period of time,' and may move through the bank 'almost instantaneously,' it follows that it would be virtually impossible for plaintiffs to attach EFTs unless garnishee banks are permitted to accept continuous service.' The continuous service provision is thus 'intended to avoid 'the absurdity, security problems, and inconvenience of requiring the garnishee banks to accept service repeatedly throughout the day.' Indeed, 'the absence of such a continuing service provision -- either by court order or by consent from the garnishee -- would inevitably result in the posting of lawyers and/or process servers at bank offices around the clock in an attempt to capture EFTs at the precise moment of their arrival.'

> Under Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ('Supplemental Rules'), a 'verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property -- up to the amount sued for -- *in the hands of garnishees named in the process*.' No provision in the Supplemental Rules authorizes a court to issue an attachment order that permits continuous service. Equally, '[n]othing in the Admiralty Rules prohibits this Court from issuing such an order.' Notwithstanding the 'well-established prohibition against maritime attachments of after-acquired property,' every court in this district to reach the issue has held that it is *permissible* for a court to issue an order directing that service shall be deemed continuous for a day and for a garnishee, without a court order, to consent to treat service as continuous for a day. However, no court has held that a district court *must* authorize continuous service and there is no caselaw discussing the parameters of a court's discretion in this regard.

*VOF BouwCombinatie Egmond*, 644 F. Supp. 2d at 416-17. Judge Scheindlin ultimately denied the request for continuous service but noted other courts had granted such relief. *See DNSD Subsea AS v. Oceanografia, S.A. de C.V.*, 569 F. Supp. 2d 339, 342 (S.D.N.Y. 2008).

Here, in order to "avoid the absurdity" of having to continuously serve the writ of attachment, the Plaintiff requests that the ex parte order allow for the garnishee to treat the service as continuously effective throughout the entire day for any day on which Plaintiff effects service.

## **CONCLUSION**

Based on the showing made by the Plaintiff that the Defendant cannot be found within this District pursuant to Supplemental Rule B, and all other prerequisites of Supplemental Rule B having been demonstrated, this Court should therefore issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Defendant's tangible or intangible property or any other funds held by non-party garnishee Bank of America and on behalf of Defendant, up to the amount stated in the Verified Complaint, less security already obtained, to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint.

Verified Complaint, less security already obtained, to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint.

Dated: November 25, 2020

> The Plaintiff,
> KONDOT S.A.
>
> By: *[signature]*
> Patrick F. Lennon (PL 2162)
> Kevin J. Lennon (KL 5072)
> LENNON, MURPHY & PHILLIPS, LLC
> The Gray Bar Building
> 420 Lexington Avenue, Suite 300
> New York, NY 10170
> Tel:   (212) 490-6050
> Fax:   (212) 490-6070
> Email: plennon@lmplaw.net
>        klennon@lmplaw.net